## French *v.* Burns, Appellant.

*Landlord and tenant—Covenant in lease as to power.*

A lease contained the following clause: "It is hereby further agreed that said lessees shall have the right and privilege of using twenty-four horse power and no more, this power to include any live steam which they may use for their own business and not otherwise. It being the intent and meaning of above clause that the live steam aforesaid shall be in addition to the twenty-four horse power." *Held*, (1) that the words "which they may use for their own business, and not otherwise," referred to the twenty-four horse power and not to the live steam; (2) that the effect of the second sentence was to entitle the lessees to twenty-four horse power without regard to the amount of live steam which they used; (3) that the covenant did not require the lessor to furnish live steam sufficient to produce any given pressure or temperature, but only to furnish twenty-four horse power without taking into consideration the live steam.

*Landlord and tenant—Res adjudicata—Waiver.*

Where a landlord sues a tenant and recovers an amount less than he claimed, and thereafter the tenant continues to occupy the premises and pay rent for several months, when he again fails to pay, he cannot in an action for the rent, claim that the failure of the landlord to perform a covenant in the lease had been adjudicated in the former suit.

Argued Oct. 23, 1901. Appeal, No. 165, Oct. T., 1901, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1895, No. 1402, on verdict for plaintiff, in case of Hugh French *v.* Robert I. Burns, Lizzie S. Newberry and William T. Galey, trading as R. I. Burns & Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for rent. Before BEITLER, J.

At the trial it appeared that the lease under which the suit was brought was made on February 21, 1890. Under its terms the landlord was to furnish certain power to the tenants. The tenants claimed that the landlord had not fulfilled his covenants in this respect. The record showed that in a prior action the landlord had sued the tenants for the rent due for the months of August, September and October, 1890, and had recovered less than the amount claimed. The defendants continued to occupy the premises and paid rent therefor for November, De-

334    FRENCH v. BURNS, Appellant.

Statement of Facts—Points.    [19 Pa..Superior. Ct.

cember, January and February. In February they left the premises, and the present suit was brought for the rent for the balance of the term from March to November, 1891. The court sustained an objection by plaintiff to the offer by defendants of the stenographer's transcript of the evidence in the case of Burns et al. v. French, C. P. No. 4, December term, 1890, No. 457, for the purpose of showing what was concluded by that judgment between the same parties and the subject-matter. [3]

The court charged in part as follows:

[It seems to be admitted here by the argument of counsel—it seems to be admitted by the acts of the parties at or about that time—that Mr. French was to generate all the steam that he could with the appliances he had, and that he was to run the machinery, his engines, which took 150 horse power, and that then of what was left these defendants were entitled to take all they wanted. If that be the correct construction of that writing, then the only burden upon Mr. French was to see that his engineer did get from these boilers all the steam they were capable of producing; that that is a fair construction of that language seems to me to be without doubt, when you consider the fact that prior to the making of this lease these people were in that mill, carrying on the same business which this lease refers to.

Had there been any question of receiving any live steam up to a certain amount, or had there been any thought on their part that the lessor was to do for them any particular thing, that is to say, to give them always a certain temperature; or to give them always a certain pressure; or to give them always sufficient steam; or to do this, that or the other thing, it seems to me it would have been put in that writing with the same stringency, with the same clearness, as it is therein stated, that they shall have the right and privilege of twenty-four horse power.] [1]

Defendants presented this point:

6. On January 12, 1891, Hugh French levied on the goods of Burns & Company for three months' rent alleged to be due under this lease. Burns & Company replevied the goods in the case of Burns et al. v. Hugh French, C. P. No. 4, December term, 1890, No. 457. The case was tried April 15 and 16, 1895.

The landlord's claim for the three months' rent was $700 and $189 interest up to April 15, 1895, making a total of $889. The tenants, Burns & Company, claimed in that case that the landlord violated the lease, and did not furnish them with live steam as provided therein, and this was the only issue. The jury in that case allowed the tenants, Burns & Company, $444.50, and rendered a verdict for the landlord, Mr. French, for $444.50, instead of $889. I charge you that the verdict and judgment in the case of Burns et al. v. French et al., C. P. No. 4, December term, 1890, No. 457, being between the same parties and in reference to the same subject-matter conclusively establishes the fact between the parties to this suit that the landlord violated his lease in a substantial manner in not furnishing live steam as agreed, and that the tenants were justified in moving from the premises, and your verdict must therefore be for the defendants. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $1,500. Defendants appealed.

*Errors assigned* were (1, 2) above instructions, quoting them. (3) Ruling on evidence. (4) In dismissing the defendants' motion to enter judgment for the defendants non obstante veredicto. (5) In not setting aside the verdict and in making absolute the rule for a new trial.

*S. Morris Waln*, for appellants.

*J. Washington Logue*, with him *James E. Gorman*, for appellee.

OPINION BY W. D. PORTER, J., February 14, 1902:

The defendants sought to escape liability for the payment of rent upon the ground that the plaintiff had not complied with the written covenants of the lease relating to the furnishing of power and live steam. The covenants in question were in the following words : " It is hereby further agreed that said lessees shall have the right and privilege of using twenty-four horse-power and no more, this power to include any live steam which they may use for their own business and not otherwise. It being the intent and meaning of above clause that the live steam

aforesaid shall be in addition to the twenty-four horse-power."
The concluding words of the first sentence, " which they may
use for their own business and not otherwise," refer to the
twenty-four horse-power, and not to the live steam which was
to constitute a part thereof, for if we make those words refer
merely to the live steam, then it would be only such live steam
as they used for their own purposes that should be charged
against the twenty-four horse-power which was to be fur-
nished, and they would be free to take live steam for the use
of other parties without limit.  That sentence meant that the
lessees were to have the right of using twenty-four horse-
power, including any live steam which they might use, and
no more, for the purposes of their own business and not other-
wise ; standing alone it would have made any live steam used
by the lessees chargeable against the twenty-four horse-power
to which they were under the lease entitled.  The effect of
the second sentence in this covenant was to entitle the les-
sees to twenty-four horse-power, without regard to the amount
of live steam which they used.  It was admitted by the lessees
upon the trial that they had been in possession of the premises,
under a prior lease, for a considerable period before this lease
was executed, and that the power and live steam continued to
be furnished during the entire period of their occupancy in the
same manner in which those things had been done prior to the
execution of this written agreement.  The power had been,
and continued to be, furnished through the medium of shaft-
ing, with pulleys and belts, and it is an undisputed fact that
the lessor furnished the full twenty-four horse-power required
by the terms of the lease.  The only complaint of the defend-
ants is that the plaintiff did not furnish additional live steam
at a sufficient pressure to operate certain machinery not con-
nected with the shafting, and heat certain other machinery to
the degree desirable for its successful operation, although they
admit that during the entire period of their occupancy the live
steam at their disposal never fell below a pressure of fifteen
pounds to the square inch.  The written covenant upon which
the defendants rely did not require the plaintiff to furnish live
steam sufficient to produce any given pressure or temperature ;
it was only incumbent upon him to furnish twenty-four horse-
power, without taking into consideration the live steam.   The

jury found that the plaintiff had performed these covenants, and it was not for the court to read into the contract stipulations which the parties had omitted. None of the assignments of error raise any question of a contemporaneous parol agreement supported by evidence competent to reform the written lease, and any question of that character is removed from the consideration of the case. The language of the lease, it is true, is to be construed with relation to the subject-matter with regard to which the parties were dealing, but there was no evidence which indicated that there had been any change in the appliances through which the defendants were to receive the live steam, nor that there had been any neglect upon the part of the plaintiff or his agents to operate those appliances to their full capacity. The first specification of error is dismissed.

The contention of the appellants that the questions involved in this issue had been adjudicated in the former proceeding between the same parties is without foundation. The question at issue in that former proceeding was whether the defendants were liable for rent during the months of August, September and October, 1890; they denied all liability, and a judgment was entered against them on that issue, although less in amount than the plaintiff claimed. The defendants continued to occupy the premises and actually paid the rent for the months of November and December, 1890, and January and February, 1891. It is manifest that even if the judgment in the former case did establish the fact that the defendants had been damaged by the failure of the plaintiff to fully keep his covenants during the period for which he sought to recover rent in that action, the defendants could not continue to occupy the premises and after having paid the rent for months afterwards avail themselves of the former judgment as an adjudication that their rights had been interfered with when an action was brought for rent of the premises for months still further in the future. Even if the defendants had been partially deprived of the beneficial enjoyment of the premises during the period involved in the former action, their continued occupancy of the premises and payment of rent subsequently constituted a waiver of any right which they might have had to withdraw from the premises at the time of such interference with their beneficial enjoyment. The second and third assignments of error are without merit.

The court below reserved no question of law upon the trial of this cause and it was not within its power to enter judgment in favor of the defendants non obstante veredicto. There appears to have been no abuse of discretion in the refusal of a new trial. The fourth and fifth specifications of error are dismissed.

The judgment is affirmed.